| | |
|---|---|
| WALTER TIMOTHY GAUSE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ERIC HOOKS, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 6], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.  BACKGROUND**

Pro se Plaintiff Walter Timothy Gause ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. On February 20, 2014, he was convicted by a jury in Mecklenburg County Superior Court of robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon. State v.

Gause, 772 S.E.2d 265, 2015 WL 1529828, at *1-2 (N.C. Ct. App.) (unpublished), disc. rev. denied, 776 S.E.2d 858 (2015) (Mem.). On February 21, 2014, the trial court sentenced Petitioner to consecutive active sentences of 146 to 185 months' imprisonment for robbery with a dangerous weapon and conspiracy and 59 to 80 months' imprisonment for assault with a deadly weapon inflicting serious injury. Id. at *2.

Petitioner directly appealed to the North Carolina Court of Appeals, which affirmed Petitioner's conviction and sentence, but vacated the trial court's order on restitution and remanded for further proceedings on that issue. Id. at *7. Petitioner filed a petition for discretionary review in the North Carolina Supreme Court, which was denied. State v. Gause, 776 S.E.2d 858 (N.C. 2015) (Mem). Thereafter, Petitioner filed a pro se motion for appropriate relief in Mecklenburg County Superior Court, which was denied. [Civil Case No. 3:16-cv-631-FDW, Doc. 49 at 3]. Petitioner filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals, which was denied. [Id.].

On August 23, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court, attacking his state conviction and sentence. [Id., Docs. 1, 9]. After the Respondent answered and moved for summary judgment and Petitioner "inundated the Court with

letters, motions, and other miscellaneous filings," the Court granted summary judgment for Respondent. [Id., Doc. 49 at 3, 20]. On June 2, 2020, Petitioner filed another habeas petition under § 2254 with this Court, again attacking his state court convictions and sentence. [Civil Case No. 3:20-cv-00306-MR, Doc. 1]. It remains pending.

Plaintiff filed the instant action on September 11, 2020, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Thereafter, Plaintiff filed a "Motion Amend and Construe" [Doc. 6], which the Court will construe as an Amended Complaint. See Fed. R. Civ. P. 15(a)(1). Construing Plaintiff's Amended Complaint liberally and giving Plaintiff the benefit of every reasonable inference, it appears he intended to name the State of North Carolina, the North Carolina General Assembly, the "Indigent Defendant Commission,"[1] Erik Hooks, identified as the Secretary of the North Carolina Department of Public Safety; and the North Carolina Prisoner Legal Services, Inc. (NCPLS) as Defendants in this matter. [See Doc. 6].

Plaintiff alleges that he has been deprived access to the Courts by "state lawmakers and agency," to "legal case law or law library and either

---

[1] Plaintiff is likely referring to the N.C. Office of Indigent Defense Services (IDS Office) Commission, which the state-created governing body of the IDS Office that operates within the North Carolina Judicial Branch. The IDS Office oversees the provision of legal representation to indigent defendants and other entitled to counsel under North Carolina law.

3

papers," and to the assistance of an attorney. [Id. at 1, 2]. Plaintiff's criminal conviction is illegal and unconstitutional, as having been "created by state and agency," namely by the NCPLS, the Indigent Defense Commission, and the General Assembly. [Id. at 2]. The NCPLS has repeatedly declined to assist Plaintiff in redressing his constitutional injury, alleging that Plaintiff's claims do not have merit and/or that it does not have the budget to represent Plaintiff. [Id. at 3]. Further, Plaintiff continues to be injured because he has been unable to challenge his conviction through a habeas petition. [Id.].

Plaintiff does not identify any particular injury other than his vague references to "denial of access to Court for redress," his "unconstitutional illegal conviction," "actual legal, personal injury by not be[ing] able to challenge his conviction," and "injustice" for not having "legal case law or [a] law library." [Id. at 2].

Plaintiff seeks injunctive, declaratory, "ancillary," and monetary relief, including punitive damages, exoneration, that his conviction and sentence be vacated, dismissal of his criminal indictment, and to "terminate prosecution." [Id. at 4]. Plaintiff also wants to "re-litigate" his habeas action under 28 U.S.C. § 2254 that he previously brought in Civil Case No. 3:20-cv-306. [Id. at 6].

4

Case 3:20-cv-00507-MR   Document 9   Filed 10/26/20   Page 4 of 10

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Although Plaintiff does not allege which constitutional right he believes was violated, his allegations implicate the First Amendment, which guarantees the right of access to the courts.

### A. State and State Agency Defendants

Neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, The State of North Carolina, the North Carolina General Assembly, and the "Indigent Defense Services" are dismissed as Defendants in this matter. Furthermore, any other state agencies Plaintiff intended to name as a Defendant would be similarly dismissed.

## B. NCPLS

NCPLS is a non-profit, legal services program that provides limited civil representation to North Carolina inmates. See Smith v. Bounds, 657 F. Supp. 1327, 1328 n.1 (E.D.N.C. 1986), aff'd, 813 F.2d 1299 (4th Cir. 1987). "NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983." Bryant v. N.C. Prisoner Legal Servs., Inc., 1 F.3d 1232, 1993 WL 291448, at *1 (4th Cir. Aug. 2, 1993). Because the NCPLS does not act under color of state law for purposes of § 1983, it is not subject to suit thereunder and Plaintiff's claim against it fails initial review.

## C. Defendants Hooks

Plaintiff makes no allegations against Defendant Hooks, who is the Secretary of the NCDPS. While it is possible that Plaintiff intended to link his alleged lack of access to a law library or "legal case law" to Defendant Hooks, he has not does so. Even if Plaintiff had made such allegations, he would have nonetheless failed to state a claim against Defendant Hooks.

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir.

7

2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Furthermore, to succeed on a denial of access to courts claim, the inmate must "demonstrate that the alleged shortcomings in the [prison] library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996). For example, meaningful access to courts is denied when an inmate is not permitted to prepare a petition or complaint. See Wrenn v. Freeman, 894 F. Supp. 244, 248 (E.D.N.C. 1995) (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)).

Here, Plaintiff's complaint demonstrates that he has repeatedly accessed the courts since his conviction in 2014 and that he has been allowed to prepare and file petitions, complaints, and many other documents,

8

Case 3:20-cv-00507-MR   Document 9   Filed 10/26/20   Page 8 of 10

relevant or not. Although his efforts have proven unsuccessful, his access has been unimpeded. Further, other than a bare, vague assertion, Plaintiff has not alleged that a nonfrivolous legal claim has been frustrated, which is fatal to a <u>Bounds</u> claim. As such, even if Plaintiff had connected Defendant Hooks to the alleged denial of access to the Courts, Plaintiff would have nonetheless failed to state a claim against him.

In sum, because Plaintiff has failed to state a claim against any Defendant in this matter and because amendment would be futile, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted under § 1983 against any Defendant. Because amendment of Plaintiff's Amended Complaint would be futile, the Court will dismiss it with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 6] is **DISMISSED WITH PREJUDICE** for failure to state a claim.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 26, 2020

Martin Reidinger
Chief United States District Judge